IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

|  |  |
|---|---|
| **BARRY ANGELINE,** | ) |
| *Plaintiff,* | ) |
| v. | ) Civil Action No.: 1:22-cv-01668-RDM |
| **NOVACES, L.L.C.,** *et al.*, | ) |
| *Defendants.* | ) |

**FIRST AMENDED CIVIL COMPLAINT FOR EQUITABLE
AND MONETARY RELIEF AND DEMAND FOR JURY**

Pursuant to Federal Rules of Civil Procedure 15(a)(1)(B) and (c)(1)(B), Plaintiff Barry Angeline brings this first amended complaint relating back to his initial complaint of June 10, 2022, alleging that Defendants Novaces, L.L.C., and ATCS, P.L.L.C. retaliated against him in violation of the National Defense Authorization Act ("NDAA") of 2013, Pub. L. No. 112-239, § 827-828 Whistleblower Protection Enhancement, as amended by the Act to Enhance Whistleblower Protection for Contractor and Grantee Employees ("Enhanced Whistleblower Protection Act" or "NDAA WPA") of 2016, Pub. L. No. 114-261, 41 U.S.C. § 4712 *et seq*.

**JURSIDCTION AND VENUE**

1. This Court has personal jurisdiction over Defendant Novaces, L.L.C. because Defendant transacts regular business and has regular contacts in the District of Columbia.

2. This Court has personal jurisdiction over Defendant ATCS, P.L.L.C. because Defendant transacts regular business and has regular contacts in the District of Columbia.

3. This Court has subject matter jurisdiction over this action pursuant to 10 U.S.C. § 2409 and 41 U.S.C. § 4712 *et seq*.

1

4. This Court has subject matter jurisdiction over this action as Plaintiff has administrative exhausted his administrative remedies pursuant to 41 U.S.C. § 4712(c)(2).

Specifically, in Plaintiff submitted several complaints to the Department of Homeland Security's Office of Inspector General concerning FEMA's poor staffing decisions and non-adherence to the SOW. On or about December 16, 2019, DHS OIG confirmed the initiation of an investigation pursuant to 21 U.S.C. § 4712. On or about June 1, 2021, DHS OIG Investigative Counsel Chris Vanderveer advised Plaintiff that the investigatory period would expire on June 14, 2020, initiating a two-year statute of limitations for filing this case.

5. Venue lies in this Court pursuant to 28 U.S.C. § 1391 because the unlawful employment practices alleged in this action took place in the District of Columbia as part of a continuous improvement contract managed by the Federal Emergency Management Agency ("FEMA"), a component of the Department of Homeland Security ("DHS").

## PARTIES

6. Angeline is a resident of Virginia, and Defendants employed him from in or about July 2018 through on or about May 25, 2019.

7. Defendant Novaces is a management consulting firm incorporated in Louisiana with its headquarters in New Orleans, LA.

8. Defendant ATCS is a technology consulting firm incorporated in Virginia with its headquarters in Herndon, VA.

## ADMINISTRATIVE EXHAUSTION

9. On June 20, 2019, Angeline timely filed a complaint with the Office of Inspector General of the Department of Homeland Security (DHS OIG). Angeline's claims were administratively exhausted on June 14, 2020.

## FACTUAL ALLEGATIONS

10. In or about July 2018 Novaces engaged Angeline's company, Cyberricade, as a third-level subcontractor on the HSFE80-16-A-0004 contract held by ATCS. However, Novaces paid Angeline directly and treated him as a W-2 employee on the contract.

11. The FEMA contract was a continuous improvement contract to assist FEMA to repair and restore Puerto Rico's infrastructure following hurricanes Maria and Irma.

12. LSS is a highly technical methodology that requires understanding of industrial engineering, operations research, and statistics, and Angeline worked on a process improvement team with six other contractors to train and certify key FEMA personnel in the Lean Six Sigma (LSS) process improvement methodology.

13. In or about August 2018 Ana Bonilla, the FEMA's chief of staff for Puerto Rico Program requested a significant expansion to the statement of work outlined in the FEMA contract. This occurred shortly after Angeline arrived in San Juan.

14. FEMA implemented changes in or about October 2018 with no change in the statement of work included in the contract.

15. Angeline's team of contractors worked under FEMA's Continuous Improvement Program (CIP). From July 2018 – June 2019, the CIP had five different team leads including Louis Olivares, Eli Pushkarewicz, Dawn Dickerson, Desiree (last name unknown), and Tamiris Aldarondo. Despite the contract's requirements none of these individuals had the requisite technical expertise or experience to adequately oversee the LSS group's work.

16. Pushkarewicz left San Juan for a position at FEMA headquarters in Washington, DC, in or about December 2018. However, he continued to influence CIP operations from Washington, DC.

17. At all times during their work in San Juan, the LSS team received positive

student evaluations and FEMA leadership repeatedly expressed interest in expanding the training program.

18. In or about December 2018, Angeline contacted the offices of several members of Congress, including Representative Dana Rohrabacher, Representative Jim Jordan, and Representative Brad Wenstrup to report concerns regarding the statement of work, gross mismanagement of the contract, and inadequate and improper staffing amongst the process improvement team.

19. In late 2018 and early 2019, FEMA demanded that the LSS team provide FEMA copies of their blackbelt training modules, Champions' training module, and other tools and templates so that FEMA may certify additional personnel without the LSS team's involvement. The blackbelt curriculum was LSS members' personal intellectual property and providing ownership of the curriculum materials was not included in the statement of work.

20. On February 22, 2019, Angeline and other LSS team members reported FEMA's demand for the conversion of their intellectual property as a violation of the Anti-Deficiency Act to management officials at ATCS and at Guidehouse (another ATCS subcontractor).

21. In or about April 2019, Angeline contacted DHS OIG to report that CIP Team Lead Aldarondo was requesting that the LSS team improperly allow her to achieve LSS certification. Aldarondo, who was enrolled in law school full-time while working full-time for FEMA, neglected the LSS training and was ranked in last place for the course. Aldarondo asked the LSS team through Victoria Colmenero to give her extensions on assignments and exams and, eventually, asked for the final exam's answer key. She also attempted to reduce requirements for certification. Angeline and the rest of the LSS team refused to give Aldarondo special treatment

or improperly certify her.

22. Aldarondo made two veiled threats during this period that "it's in everyone's best interest if all the students pass the exam."

23. Aldarondo also had a secret survey conducted where the LSS students evaluated the LSS team, and the results were overwhelmingly positive. Aldarondo refused to acknowledge the survey existed and suppressed the results.

24. On or about May 17, 2019, Angeline emailed Aldarondo to inform her that the LSS group had contacted several members of Congress and DHS's OIG to report waste, fraud, and abuse on the LSS contract.

25. Aldarondo distributed this email to several FEMA and ATCS personnel, including ATCS Program Manager Kwong Hui and ATCS Senior Vice President Tim McCormick.

26. The day prior to Angeline sending this email, Hui and McCormick were conducting a site visit in San Juan. Three days later ATCS and FEMA worked quickly to modify the statement of work that had been noncompliant since the previous October. At no time during this site visit did Hui or McCormick raise concerns with the LSS team's funding. To secure intellectual property, Mr. Hui improperly claimed the statement work of work had been modified.

27. The week after Hui's and McCormick's site visit, Hui returned to San Juan. During this visit, on May 25, 2019, Hui suddenly and unexpectedly informed Angeline that he was being terminated effective immediately purportedly because of the LSS team's unsustainable burn rate and Angeline's purported lack of experience. Hui directed Angeline that he had to leave Puerto Rico within an hour.

28. At the time of his termination Angeline was the LSS Technical Lead and had more projects and more students than any other LSS member. Angeline also had twenty-five years' relevant experience. Shortly after his termination, another LSS member offered to leave the contract in Angeline's place, but McCormick did not accept this offer.

29. In or about mid-June 2019, after learning that the entire LSS team was involved in making DHS OIG complaints, ATCS terminated the LSS team's contract. At the time, a class of LSS certifications was nearing completion. These students were unable to become certified as a result of Defendants' unlawful retaliation, and roughly fifty projects with benefits exceeding $100 million were suspended or terminated.

30. After Angeline's termination, Novaces' owner, Ivan Radovic, informed Angeline that Novaces severed its business relationship with Cyberricade because of the reports of illegal activities Angeline lodged while at FEMA. Radovic and ATCS was aware that Angeline had complained to the OIG, and Radovic asked Angeline if there might be a way to capture more business as a result.

31. Thereafter ATCS and Novaces withheld Angeline's final pay for several months until November 2019.

32. Angeline filed a complaint of retaliation with the DHS OIG, which was accepted for investigation on December 16, 2019. After the initial 180-day investigation period, DHS requested a 180-day extension. This extended investigatory period ended on June 14, 2020.

33. As the result of Defendant's illegal discrimination and retaliation, Angeline sustained economic damages and mental anguish and will continue to sustain these damages into the future.

## COUNT I
### Unlawful Retaliation in Violation of
### National Defense Authorization Whistleblower Protection Enhancement Act
### 41 U.S.C. § 4712 *et seq.*
### Against all Defendants

34. Angeline re-alleges and incorporates the allegations set forth above as though fully alleged herein.

35. At all times relevant to this complaint, Angeline was an "employee of a contractor, subcontractor, grantee, or subgrantee or personal services contractor" as defined at and provided for under the NDAA WPA. 41 U.S.C. § 4712(a)(1).

36. At all times relevant to this complaint, Defendant Novaces was a "contractor" as defined at and provided for under the NDAA WPA. 41 U.S.C. § 4712(a)(1).

37. At all times relevant to this complaint, Defendant ATCS was a "contractor" as defined at and provided for under the NDAA WPA. 41 U.S.C. § 4712(a)(1).

38. Angeline reported waste, fraud, and abuse related to a Department of Homeland Security contract. As a result, Defendants subjected Angeline to reprisal.

39. Angeline engaged in protected activity under the NDAA WPA by complaining about Antideficiency Act violation to ATCS management officials on or about February 22, 2019, and by complaining about fraud, waste, and abuse to the DHS OIG in or about April 2019. 41 U.S.C. § 4712(a)(2).

40. Angeline's claims were administratively exhausted when the DHS OIG did not issue an order by June 14, 2020. 41 U.S.C. § 4712(c)(2).

41. The close temporal proximity between Angeline's protected conduct and ATCS' decision to terminate him and then Novaces' decision to sever its business relationship with him demonstrates causation.

42. Angeline has sustained damages as the result of Defendants' illegal retaliation in violation of the NDAA WPA, including, but not limited to, economic damages, damage to his career, and emotional distress and anxiety.

43. Angeline is entitled to such legal or equitable relief as will effectuate the purposes of the NDAA WPA, including but not limited to economic and compensatory damages, and reasonable costs and attorneys' fees.

## PRAYER FOR RELIEF

Based on the foregoing, Angeline respectfully requests that he be awarded the following relief against all Defendants, jointly and severally:

a. Judgment against Defendants in an amount of any wages, salary, employment benefits, or other compensation denied or lost to Angeline, including economic damages, liquidated damages, compensatory and punitive damages to be determined at trial;

b. Re-employment, reinstatement, promotion, front pay, or other equitable relief;

c. Pre-judgment interest;

d. Interest due on unpaid wages;

e. A reasonable attorney's fee and costs of this litigation;

f. Reasonable expert witness fees; and

g. Any other relief that this Honorable Court deems just and proper to award.

## DEMAND FOR JURY TRIAL

Angeline demands a trial by jury for any and all issues proper to be so tried.

                    Respectfully Submitted,

                    /s/Nicholas Woodfield
                    Nicholas Woodfield
                    The Employment Law Group, P.C.
                    1717 K St. NW, Suite 1110
                    Washington, D.C. 20006
                    (202) 261-2812
                    (202) 261-2835 (facsimile)
                    nwoodfield@employmentlawgroup.com
                    *Counsel for Plaintiff Barry Angeline*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on August 16, 2022, a true and correct copy of the foregoing was served ECF upon:

        Nat P. Calamis, Esq.
        Carr Maloney P.C.
        2000 Pennsylvania Avenue, Suite 8001
        Washington, D.C. 20006
        (202) 310-5500 (Telephone)
        (202) 310-5555 (Facsimile)
        Nat.Calamis@carrmaloney.com
        *Counsel for ATCS, PLLC*

      I HEREBY CERTIFY that on August 16, 2022, a true and correct copy of the foregoing was served via regular mail upon:

        Ivan Radovic
        650 Poydras Street
        Suite 2523
        New Orleans, LA 70130
        *Registered Agent for Novaces, PLLC*

                    /s/Nicholas Woodfield
                    Nicholas Woodfield

                    Respectfully Submitted,

                    /s/Nicholas Woodfield
                    Nicholas Woodfield
                    The Employment Law Group, P.C.
                    1717 K St. NW, Suite 1110
                    Washington, D.C. 20006
                    (202) 261-2812
                    (202) 261-2835 (facsimile)
                    nwoodfield@employmentlawgroup.com
                    *Counsel for Plaintiff Barry Angeline*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on August 16, 2022, a true and correct copy of the foregoing was served ECF upon:

        Nat P. Calamis,Esq.
        Carr Maloney P.C.
        2000 Pennsylvania Avenue, Suite 8001
        Washington, D.C. 20006
        (202) 310-5500 (Telephone)
        (202) 310-5555 (Facsimile)
        Nat.Calamis@carrmaloney.com
        *Counsel for ATCS, PLLC*

      I HEREBY CERTIFY that on August 16, 2022, a true and correct copy of the foregoing was served via regular mail upon:

        Ivan Radovic
        650 Poydras Street
        Suite 2523
        New Orleans, LA 70130
        *Registered Agent for Novaces, PLLC*

                    /s/Nicholas Woodfield
                    Nicholas Woodfield